UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00197 JVS(DFMx)                                Date  4/17/20

Title  Andrew Headley et al v. FCA US, LLC

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS]** Order Regarding Motion to Remand

Plaintiffs Andrew Headley and Emily Headley (the "Headleys") move to remand this action to the Orange County Superior Court. Mot., ECF No. 12-1. Defendant FCA US, LLC ("FCA") opposes the motion. Opp'n, 13. The Headleys replied. Reply, ECF No. 16.

For the following reasons, the Court **DENIES** the motion.

### I. BACKGROUND

The Headleys filed this action in the Superior Court of the State of California, Orange County (Case No. 30-2019-01091165-CUBC-CJC). Compl., ECF No. 1-2. The Complaint alleged the following.

On or about March 23, 2013, the Headleys purchased a 2013 Dodge Dart vehicle manufactured or distributed by FCA. Id. at ¶ 7. The Headleys received an express written warranty, including a 3 year/36,000 mile bumper to bumper warranty and a 5 year/100,000 mile power train warranty. Id. at ¶ 8. During the period the warranty was effective, the vehicle contained or developed a series of defects including, among others, issues with the transmission. Id. at ¶ 9. Such defects substantially impaired the use, value or safety of the vehicle. Id. FCA and its representatives have been unable to repair the vehicle to conform with the warranties. Id. at ¶ 11. As a result of such, the Headleys were damaged "in a sum to be proven at trial in an amount that is not less than $25,001.00." Id. at ¶ 10. The complaint asserts the following claims: (1) violation of subdivision (D) of Civil Code Section 1793.2; (2) violation of subdivision (B) of Civil Section 1793.2; (3) violation of subdivision (A)(3) of Civil Code Section 1793.2; (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00197 JVS(DFMx) | Date | 4/17/20 |
| Title | Andrew Headley et al v. FCA US, LLC | | |

breach of express written warranty; and (5) breach of the implied warranty of merchantability.  Id. at ¶¶ 7- 32.

On January 30, 2020, FCA removed the action to this Court.  Removal, ECF No. 1.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties may have originally filed the case in federal court.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997).  Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  District courts have diversity jurisdiction over "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  District courts, however "shall not have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."  Id. (emphasis added).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Thus, the removing party bears the burden to demonstrate that removal was proper.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

### 1. Rule 7-3

FCA argues that the Headleys are not in compliance with Local Rule 7-3 because (1) the motion notice does not contain the required language; and (2) while Attorney Kim sent a letter to counsel for FCA on March 2, 2020, the letter contained no response date and Attorney Kim made no attempt to schedule a conference.  Opp'n, 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00197 JVS(DFMx) | Date | 4/17/20 |
| Title | Andrew Headley et al v. FCA US, LLC | | |

    Local Rule 7-3 requires that the parties "meet and confer" in advance of filing such a motion "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." (Italics supplied.) The conference must occur at least seven (7) days prior to the filing of the motion. Id. In the notice of the motion, the moving party must include a statement to the effect: "This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on [date]." The Headley's motion is procedurally defective because it does not include the required statement in the language in the notice. However, the Declaration of Attorney Esther Kim states: "[o]n March 2, 2020, Plaintiffs sent a letter to Defendants explaining that the case was improperly removed and requesting that Defendants stipulate to remand the case back to state court" and attaches a copy of the meet and confer letter. Kim Decl., ¶ 3, ECF No. 12-2. While Local Rule 7-3 describes a preference for in-person meetings, the letter to opposing counsel suggests an effort to comply with the rule. While the Court will consider the Motion in this instance, the Court warns counsel that Rule 7-3 and Rule 7-4 will be strictly enforced in the future and reminds counsel that the Court expects counsel to make meaningful attempts at scheduling meet and confer conferences.

    **2.    Amount in Controversy**

    The Headleys argue that the complaint does not contain any allegations that indicate that the amount in controversy exceeds $75,000. Mot., 4-6. They argue that they only allege that they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Mot., 6. They argue in their pleadings that such "damages" reference total damages including civil money penalties. Id. However, the Headleys do not stipulate that their damages are not in excess of $75,000. See Kim Decl., Ex., ECF 12-3; Mot., 2, n1. The Headleys also argue that FCA has proffered no evidence as to why under their calculations which presume that the $25,001.00 are only actual damages, the Headleys are entitled to the maximum penalties allowed under the Song-Beverly Act. Mot., 7. They further argue that restitution is subject to a "mileage offset" which would further reduce their actual damages. Id. Finally, they argue that FCA has not shown that the inclusion of attorneys fees in this case would show that the amount in controversy has been met. Id. at 8.

    Under the preponderance of the evidence standard applicable here, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-00197 JVS(DFMx)      Date    4/17/20

Title      Andrew Headley et al v. FCA US, LLC

404 (9th Cir. 1996). While the Headleys claim in their pleadings that the $25,001.00 sum includes civil money penalties, nothing in the complaint suggests that and the fact that they do not stipulate that their damages are less than $75,000 makes this suspect. Additionally, the word "damages" is distinct from penalties. See Washington Cty. Unified Sewerage Agency v. First State Ins. Co., 81 F.3d 171 (9th Cir. 1996). Whereas damages are designed to compensate an injured party, penalties are designed to deter undesirable conduct. Id. Thus, on the face of the complaint, the Headleys contention in the complaint that "damages" are not less than $25,001.00 do not include civil money penalties. Additionally, the Headleys own complaint alleges that FCA's conduct was "willful" and that they are entitled to a civil money penalty of two time their actual damages. See e.g., Compl., ¶¶ 13-14. This alone would make the amount in controversy exceed $75,000. See Chism v. FCA US LLC, 2020 WL 777300, at *2 (C.D. Cal. Feb. 18, 2020) (finding that an action alleging damages in an amount not less than $25,001.00, and alleging willful conduct under the Song-Beverly Act which thereby entitled plaintiffs to the maximum penalties, was sufficient to place the amount in controversy above $75,000). Further, the Retail Installment Sale Contract for the vehicle states the total sale price of the vehicle at issue was $31,946.48. See Ahsleigh Gideon ("Gideon") Decl., ¶6, Ex. B, ECF No. 14. Under the Song-Beverly Act, if the Headleys are successful in proving their case, they are entitled to recover the total amount paid or payable. Cal. Civ. Code §§ 1793.2(d), 1794. If this amount is multiplied by three, damages exceed $75,000 without including attorneys fees. As to the attorneys fees, FCA cites to a series of cases where attorneys litigating actions arising out of the Song Beverly Act have been awarded in excess of $60,000. See Opp'n 15, n.1. They note that counsel for the Headleys sought more than $250,000 in an action that went to trial and was awarded $213,447.50. Jerry Zomorodian v. BMW of North America, LLC, 2:17-cv-05061-DMG-PLA, ECF No. 136. In light of all of the foregoing factors and considering the amount of damages as stated by plaintiff, the cost of the vehicle, the amount of civil penalties at issue, and likely future attorneys fees, the Court finds that the amount in controversy more than likely exceeds $75,000.

     **3.      Complete Diversity**

The Headleys argue for the first time in their reply, presumably in response to FCA's contention in the introduction of their brief that the Headleys are citizens of California, that FCA has failed to carry its burden of demonstrating that complete diversity exists. Reply, 6. Although the Ninth Circuit has not squarely addressed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00197 JVS(DFMx)                    Date  4/17/20

Title  Andrew Headley et al v. FCA US, LLC

whether a person's residence constitutes prima facie evidence of that party's domicile, other circuits have concluded that a person's residence constitutes prima facie evidence of domicile and citizenship. Compare Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013) (holding residence as prima facie evidence of domicile) and NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016) (holding same) with Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019) ("Although the district court focused much of its analysis on the question of whether allegations of a party's residency constitutes prima facie evidence of that party's domicile, we need not address that issue today."); Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (holding residence is prima facie evidence of domicile). The Headleys cite to Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) in support of their position. But Kanter, is inapplicable here because Kanter considered a notice of removal stating that plaintiffs were merely "residents" of California. Here, FCA has alleged the Headleys are citizens of California. See Removal, ¶13.

     The longstanding principle that controls is that "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary." Anderson v. Watt, 138 U.S. 694, 706 (1891). Therefore, this Court finds that a person's residence is prima facie evidence of domicile and citizenship.
Notably, the Headleys do not claim they are citizens of another state. Furthermore, FCA is a Delaware limited liability company whose ultimate parent is a foreign entity. Gideon Decl., ¶ 5, ECF No. 1-1. See Johnson v. Columbia Properties Anchorage , LP, 437 F.3d 894, 899 (9th Cir. 2006); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326, 329-30 (S.D. N.Y. 1999). Accordingly, complete diversity exists.

     Given that the amount in controversy likely exceeds $75,000 and there is complete diversity of citizenship, remand here would be inappropriate.

### IV. CONCLUSION

     For the foregoing reasons, the Court **DENIES** the motion.

     **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00197 JVS(DFMx)  Date  4/17/20

Title  Andrew Headley et al v. FCA US, LLC

: 0

Initials of Preparer  lmb